IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM SCOTT BAUMHOFER,                    3:13-CV-00794-BR

          Plaintiff,                        OPINION AND ORDER

v.

STATE OF OREGON DEPARTMENT OF
HUMAN SERVICES (DHS), SPD,
APD, OVRS, DAV+,

          Defendants.


WILLIAM SCOTT BAUMHOFER
7583 S.W. 74th Avenue, #F1
Portland, OR 97223
(503) 781-3488

          Plaintiff, *Pro Se*

ELLEN ROSENBLUM
Attorney General
ANDREW D. CAMPBELL
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

          Attorneys for Defendant State of Oregon Department of
          Human Services (hereinafter referred to as DHS)


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant DHS's Motion (#19) to Strike Claims.  For the reasons that follow, the Court **GRANTS** Defendant's Motion as to Plaintiff's First and Third Claims and part of Plaintiff's Fourth Claim.


<u>BACKGROUND</u>

The following facts are taken from DHS's Memorandum in Support of its Motion to Strike Claims and the Affidavit of Kimberly Hector.

Since 2003 Plaintiff William Scott Baumhofer has been a client of the Oregon Office of Vocational and Rehabilitation Services (OVRS), which is a unit of DHS.  Aff. of Kimberly Hector, Ex. A at 2.

On August 28, 2012, the OVRS closed Plaintiff's case.

On October 3, 2012, Plaintiff filed a Request for Impartial Fair Hearing requesting a due-process hearing on the August 28, 2012, closure of his case.

On January 29, 2013, a due-process hearing was held as to "whether OVRS inappropriately closed [Plaintiff']s file, treated unfairly, or otherwise failed in its mandate."  Hector Aff., Ex. A at 5.

On March 11, 2013, the hearing officer issued a decision in which he addressed the following six issues:

2 - OPINION AND ORDER

1.   Did [OVRS] wrongly close [Plaintiff's] file
     on August 28, 2013?

2.   Has OVRS released a complete copy of
     [Plaintiff's] case file to [him]? If not,
     must OVRS do so?

3.   Has OVRS made the "tape and transcript" from
     the pre-hearing conference and the hearing
     available to [Plaintiff]? If not, must OVRS
     do so?

4.   Has OVRS treated [Plaintiff] in an unfair or
     unprofessional manner?

5.   Must OVRS provide [Plaintiff] with
     respiratory therapy or physical therapy
     services?

6.   Has OVRS informed [Plaintiff] of what
     services OVRS will provide?  If not, must
     OVRS do so?

Hector Aff., Ex. A at 3.  The hearing officer concluded:  OVRS

properly closed Plaintiff's case file on August 28, 2012; OVRS

must provide Plaintiff with a complete copy of his case file;

OVRS made the audio recording of the hearing available to

Plaintiff and was not required to provide a written transcript of

the hearing; OVRS treated Plaintiff in a fair and professional

manner; OVRS is not required to provide Plaintiff with

respiratory therapy or physical therapy services "in the absence

of medical documentation of such impairments creating barriers to

[Plaintiff's] employment"; and OVRS has informed Plaintiff of

what services OVRS will provide.  Hector Aff., Ex. A at 6.

On May 10, 2013, Plaintiff filed a *pro se* Complaint in this

Court asserting this Court has jurisdiction to review due-process

3 - OPINION AND ORDER

hearing decisions pursuant to 29 U.S.C. § 722(c) and 34 C.F.R. § 361.57.  Although it is not entirely clear, it appears Plaintiff seeks review of the order issued by DHS on March 11, 2013.  In the Relief portion of his Complaint Plaintiff requests the following:

> (1) Have single case worker for all services & benefits at Dept. of Human Service as to I'm told to go away or get lose as they state I or we have nothing to do with that issues, instead of finding the correct Open Door, staff or set record to give details why other at Dept of Human Service have handle these issues.
>
> (2) Get an updated conditional certification from the state workforce (SWA) or a participating local agency for the work opportunity credit as mention on IRS Form 8850 OMB #1545-1500.
>
> (3) Correctly Advance L.I.S. to Medicare Saving(s) Program(s) for reimbursement of Part B or the likes of Qualifying Individual (QI) Program p99 of Medicare & You 2013 ~ CMS Product No. 10050-57 September 2012.
>
> (4) Correctly release of files & records.

Compl. at IV.

On August 2, 2013, DHS filed a Motion to Strike in which it seeks an order striking Plaintiff's First, Third, and Fourth requests for relief.  The Court took DHS's Motion under advisement on September 30, 2013.

## STANDARDS

Federal Rule of Civil Procedure 12(f) provides:  "The court

may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"'The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.'" *Kirola v. City and County of San Francisco*, No. C 07-3685 SBA, 2011 WL 89722, at *1 (N.D. Cal. Jan. 11, 2011)(quoting *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010)). *See also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)(same), *rev'd on other grounds*, 510 U.S. 517 (1994). "'[M]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Id.* (quoting *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)).


## DISCUSSION

DHS moves to strike Plaintiff's First, Third, and Fourth Claims on the grounds that they do not relate to the March 11, 2013, final order issued by DHS; Plaintiff did not raise the issues set out in those claims and they were not addressed in the March 11, 2013, order; and Plaintiff, therefore, may not raise those issues in a civil action before this Court.

**I.    The Law**

29 U.S.C. § 722(c) provides in pertinent part:

Each State shall establish procedures for

5 - OPINION AND ORDER

mediation of, and procedures for review through an
impartial due process hearing of, determinations
made by personnel of the designated State unit
that affect the provision of vocational
rehabilitation services to applicants or eligible
individuals.

* * *

The procedures shall provide that an applicant or
an eligible individual . . . shall be notified
of--

(I) the right to obtain review of
determinations described in paragraph (1) in
an impartial due process hearing.

* * *

A due process hearing . . . shall be conducted by
an impartial hearing officer who shall issue a
decision based on the provisions of the approved
State plan. . . .  The officer shall provide the
decision in writing to the applicant or eligible
individual.

* * *

A decision made after a [due process] hearing
. . . shall be final, except that a party may
. . . bring a civil action under subparagraph (J).

The provision related to review by this Court of the
decision of a hearing officer provides in pertinent part:

Any party aggrieved by a final decision [of an
impartial hearing officer], may bring a civil
action for review of such decision. The action may
be brought in . . . a district court of the United
States of competent jurisdiction without regard to
the amount in controversy.

* * *

In any action brought under this subparagraph, the
court--

6 - OPINION AND ORDER

* * *

> (I) shall receive the records relating to the
> hearing . . . if applicable; [and]

* * *

> (III) basing the decision of the court on the
> preponderance of the evidence, shall grant
> such relief as the court determines to be
> appropriate.

29 U.S.C. § 722(c)(J)(I).

In addition, 34 C.F.R. § 361.57(I) provides in pertinent

part:  "Any party who disagrees with the findings and decision of

an impartial hearing officer . . . [has] a right to bring a civil

action with respect to the matter in dispute."

## II.  Analysis

DHS moves to strike Plaintiff's First and Third Claims

because they were not before the hearings officer and are not the

subject of the March 11, 2013, order.  In addition, DHS asserts

Claim Four should be stricken to the extent that Plaintiff seeks

records beyond those requested and addressed in the March 11,

2013, order.  According to DHS, these matters represent new

substantive issues rather than review of the hearing officer's

March 11, 2013, decision, and, therefore, the Court lacks

jurisdiction to hear these issues.  The Court agrees. *See, e.g.*,

*Haranzo v. Dep't of Rehab. Serv.*, No. Civ. A. 7:04-CV- 00326,

2005 WL 3019240, at *4 (W.D. Va. Nov. 10, 2005)("parties must

exhaust the administrative remedies available before they have a

7 - OPINION AND ORDER

right to bring a civil action" pursuant to § 722(c)(J)(I) and 34
C.F.R. § 361.57(I)).

DHS also asserts Plaintiff's Third Claim should be stricken
on the ground that the benefits Plaintiff seeks are not under
OVRS's purview and the agency responsible for those benefits was
not a party to the due-process hearing.  In his Third Claim
Plaintiff seeks "Correctly Advance L.I.S. to Medicare Saving(s)
Program(s) for reimbursement of Part B or the likes of Qualifying
Individual (QI) Program p99 of Medicare & You 2013 ~ CMS Product
No. 10050-57 September 2012."  DHS, however, points out that OVRS
does not coordinate the benefits sought by Plaintiff, and, in
fact, those benefits are coordinated by Aging & People with
Disabilities (APD), which was not a party to the agency
proceedings.

On this record the Court concludes it also lacks the
authority to address Plaintiff's Third Claim because APD was not
a party to the agency proceedings.

Accordingly, the Court grants DHS's Motion to Strike
Plaintiff's First and Third Claims and part of Plaintiff's Fourth
Claim.  This matter, therefore, will proceed only as to
Plaintiff's Second Claim and that portion of Plaintiff's Fourth
Claim in which Plaintiff seeks records ordered to be produced by
the hearings officer in his March 11, 2013, order.

8 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant DHS's Motion
(#19) to Strike Claims and, accordingly, **STRIKES** Plaintiff's
First and Third Claims and part of Plaintiff's Fourth Claim.
This matter, therefore, will proceed only as to Plaintiff's
Second Claim and that portion of Plaintiff's Fourth Claim in
which Plaintiff seeks records ordered to be produced by the
hearings officer in his March 11, 2013, order.

IT IS SO ORDERED.

DATED this 6th day of November, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge