IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WILLIAM SCOTT BAUMHOFER,**                3:13-CV-00794-BR

      **Plaintiff,**                       OPINION AND ORDER

v.

**STATE OF OREGON DEPARTMENT OF
HUMAN SERVICES (DHS),**

      **Defendant.**


**WILLIAM SCOTT BAUMHOFER**
7583 S.W. 74th Avenue, #F1
Portland, OR 97223
(503) 781-3488

      Plaintiff, *Pro Se*

**ELLEN ROSENBLUM**
Attorney General
**ANDREW D. CAMPBELL**
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

      Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant State of Oregon Department of Human Services' Motion (#39) for Summary Judgment. For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.

## BACKGROUND

From 2003 through August 28, 2012, Plaintiff William Scott Baumhofer was a client of the Oregon Office of Vocational and Rehabilitation Services (OVRS), which is a unit of the Oregon Department of Human Services (DHS). While he was enrolled with OVRS Plaintiff received a Conditional Certification for Work Opportunity Tax Credit (WOTC), which, according to Defendant, is a form[1] that OVRS clients may present to prospective employers to inform them that they may be entitled to claim a favorable WOTC on their tax returns if they hire the OVRS client.

On August 28, 2012, the OVRS closed Plaintiff's case.

On October 3, 2012, Plaintiff filed a Request for Impartial Fair Hearing requesting a due-process hearing on the August 28, 2012, closure of his case.

On January 29, 2013, a due-process hearing was held as to

---

[1] The Conditional Certification for Work Opportunity Tax Credit form is published by the United States Department of Labor pursuant to 26 U.S.C. § 51(d).

2 - OPINION AND ORDER

"whether OVRS inappropriately closed [Plaintiff']s file, treated [Plaintiff] unfairly, or otherwise failed in its mandate." Hector Aff., Ex. A at 5.

On March 11, 2013, the hearing officer issued a decision in which he addressed the following six issues:

1. Did [OVRS] wrongly close [Plaintiff's] file on August 28, 2013?

2. Has OVRS released a complete copy of [Plaintiff's] case file to [him]? If not, must OVRS do so?

3. Has OVRS made the "tape and transcript" from the pre-hearing conference and the hearing available to [Plaintiff]? If not, must OVRS do so?

4. Has OVRS treated [Plaintiff] in an unfair or unprofessional manner?

5. Must OVRS provide [Plaintiff] with respiratory therapy or physical therapy services?

6. Has OVRS informed [Plaintiff] of what services OVRS will provide? If not, must OVRS do so?

Hector Aff., Ex. A at 3. The hearing officer concluded: OVRS properly closed Plaintiff's case file on August 28, 2012; OVRS must provide Plaintiff with a complete copy of his case file; OVRS made the audio recording of the hearing available to Plaintiff and was not required to provide a written transcript of the hearing; OVRS treated Plaintiff in a fair and professional manner; OVRS is not required to provide Plaintiff with respiratory therapy or physical therapy services "in the absence

3 - OPINION AND ORDER

of medical documentation of such impairments creating barriers to [Plaintiff's] employment"; and OVRS has informed Plaintiff of the services that OVRS will provide. Hector Aff., Ex. A at 6.

On May 10, 2013, Plaintiff filed a *pro se* Complaint in this Court asserting this Court has jurisdiction to review due-process hearing decisions pursuant to 29 U.S.C. § 722(c) and 34 C.F.R. § 361.57. Plaintiff appeared to seek review of the order issued by DHS on March 11, 2013. In the "Relief" portion of his Complaint Plaintiff requested the following:

> (1) Have single case worker for all services & benefits at Dept. of Human Service as to I'm told to go away or get lose as they state I or we have nothing to do with that issues, instead of finding the correct Open Door, staff or set record to give details why other at Dept of Human Service have handle these issues.
>
> (2) Get an updated conditional certification from the state workforce (SWA) or a participating local agency for the work opportunity credit as mention on IRS Form 8850 OMB #1545-1500.
>
> (3) Correctly Advance L.I.S. to Medicare Saving(s) Program(s) for reimbursement of Part B or the likes of Qualifying Individual (QI) Program p99 of Medicare & You 2013 CMS Product No. 10050-57 September 2012.
>
> (4) Correctly release of files & records.

Compl. at IV.

On August 2, 2013, Defendant filed a Motion to Strike in which it sought an order striking Plaintiff's First, Third, and Fourth requests for relief.

4 - OPINION AND ORDER

On October 25, 2013, DHS Hearings Officer Lawrence Smith held a contested case hearing regarding Plaintiff's "continuing struggles to comply with OVRS recommendations and directives." Hearings Officer Smith found by clear and convincing evidence that OVRS lawfully closed Plaintiff's case file and terminated its relationship with Plaintiff.

On November 6, 2013, the Court issued an Opinion and Order in which it granted Defendant's Motion to Strike.

On November 18, 2013, the Court held a scheduling conference and directed Plaintiff to file an Amended Complaint no later than December 20, 2013, clarifying the claims that Plaintiff intended to pursue against Defendant.

On December 20, 2013, Plaintiff filed an Amended Complaint in which he seeks review of five aspects of the March 11, 2003, hearing decision:

1. "Relief of Small Claim amount";
2. "[E]xplanation of delayied [sic] file(s) record(s) release";
3. "[W]hy OVRS staff history of untimely filing ETA form 9062 – Conditional Certificate WOTC";[2]
4. "[W]hy decision based with mistakes of understand or communication are not timely corrected after

---

[2] Defendant interprets WOTC to mean "Work Opportunity Tax Credit" from the context of Plaintiff's Amended Complaint.

5 - OPINION AND ORDER

      notification was with request for an update decision";

5.   "Reducing number of case worker/counselor to hopefully reduce errors, file maintain problems & missing records concerns, (ie L.I.S. – MSPs QI) active Post Employment Services and/or enrollment into OVRS – VR Services."

On March 20, 2014, Defendant filed a Motion for Summary Judgment.

On March 26, 2014, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit evidence in opposition to Defendant's Motion for Summary Judgment, summary judgment would be entered against him if it was appropriate.

On April 16, 2014, Plaintiff filed a Response to Defendant's Motion in which he reiterates his claims against Defendant. Plaintiff did not submit any evidence in support of his Response.

The Court took Defendant's Motion for Summary Judgment under advisement on April 22, 2014.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a

6 - OPINION AND ORDER

dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id*.  "This burden is not a light one. . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment."  *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir.

1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## DISCUSSION

**I.   This Court's review of decisions by DHS Hearings Officers**

29 U.S.C. § 722(c) provides in pertinent part:

> Each State shall establish procedures for mediation of, and procedures for review through an impartial due process hearing of, determinations made by personnel of the designated State unit that affect the provision of vocational rehabilitation services to applicants or eligible individuals.
>
> \* \* \*
>
> The procedures shall provide that an applicant or an eligible individual . . . shall be notified of--
>
> > (I) the right to obtain review of determinations described in paragraph (1) in an impartial due process hearing.
>
> \* \* \*
>
> A due process hearing . . . shall be conducted by

8 - OPINION AND ORDER

> an impartial hearing officer who shall issue a
> decision based on the provisions of the approved
> State plan. . . . The officer shall provide the
> decision in writing to the applicant or eligible
> individual.
>
> * * *
>
> A decision made after a [due process] hearing
> . . . shall be final, except that a party may
> . . . bring a civil action under subparagraph (J).

The provision pertaining to this Court's review of a hearing officer's decision provides in pertinent part:

> Any party aggrieved by a final decision [of an
> impartial hearing officer], may bring a civil
> action for review of such decision. The action may
> be brought in . . . a district court of the United
> States of competent jurisdiction without regard to
> the amount in controversy.
>
> * * *
>
> In any action brought under this subparagraph, the
> court--
>
> * * *
>
> > (I) shall receive the records relating to the
> > hearing . . . if applicable; [and]
>
> * * *
>
> > (III) basing the decision of the court on the
> > preponderance of the evidence, shall grant
> > such relief as the court determines to be
> > appropriate.

29 U.S.C. § 722(c)(J)(I).

In addition, 34 C.F.R. § 361.57(I) provides in pertinent part: "Any party who disagrees with the findings and decision of an impartial hearing officer . . . [has] a right to bring a civil

9 - OPINION AND ORDER

action with respect to the matter in dispute."

## II. Plaintiff's First Claim

In his First Claim Plaintiff seeks an unspecified "small claims amount," but Plaintiff does not identify which aspect of the March 2013 decision by the Hearings Officer that he seeks to challenge. As noted, this Court's jurisdiction under § 722(c) is limited to review of the Hearings Officer's decision, and the March 2013 decision did not contemplate any monetary awards. Section 722(c), therefore, does not confer jurisdiction to this Court to decide a small-claims amount. Plaintiff does not identify any other jurisdictional basis for this Court to hear such a controversy between Plaintiff and DHS nor is this Court aware of any authority that does so. The Court, therefore, concludes it does not have jurisdiction to hear Plaintiff's First Claim.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's First Claim.

## III. Plaintiff's Second Claim

In his Second Claim Plaintiff seeks an explanation for the allegedly delayed release of his files to him. DHS Legal Affairs Manager Cynthia Haines testifies in her Declaration that DHS has "continuously attempted to provide [Plaintiff] with all of his" records. Decl. of Cynthia Haines at ¶ 4. According to Haines, DHS's efforts include:

10 - OPINION AND ORDER

- on February 26, 2013 Branch Manager Rhonda M. Meidinger sent Mr. Baumhofer his entire OVRS file via certified mail;

- on June 10, 2013, OVRS staff provided Mr. Baumhofer with his files again;

- on September 4, 2013, Mr. Baumhofer went to his local OVRS office and reviewed his files from 2:15 to 4:30 p.m., and was allowed copies of any documents contained therein;

- on October 17, 2013, Mr. Baumhofer went to his local OVRS office and reviewed his files from 3:00 to 4:45 p.m., and was allowed copies of any documents contained therein.

Haines Decl. at ¶ 4.

In his Amended Complaint and Response to Defendant's Motion for Summary Judgment Plaintiff does not point to any specific records that he has not received from DHS. Plaintiff, therefore, has not established there is a genuine dispute of material fact as to whether DHS has produced all of his DHS records.

Senior Assistant Attorney General Andrew Campbell states in his Declaration that after the November 18, 2013, hearing he spoke with Plaintiff about the records that Plaintiff believes he has not received from DHS. At that point Plaintiff advised Campbell that he "seeks documents from DHS/OVRS which he believes will come into the possession of DHS/OVRS at some future date." Decl. of Andrew Campbell at ¶ 4. To the extent that Plaintiff seeks records that he speculates might come into the possession of DHS at some future point, any decision by this Court related to any such documents would be an advisory opinion, which this

11 - OPINION AND ORDER

Court is not empowered to issue. *See, e.g., Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000)(A federal court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Second Claim.

## IV. Plaintiff's Third Claim

Plaintiff also appears to assert that OVRS did not or has not timely produced WOTC forms to Plaintiff.  Plaintiff, however, did not specifically raise the issue of production of WOTC forms at the March 2013 administrative hearing.  Thus, Plaintiff's Third Claim raises a new substantive issue rather than requesting review of the hearing officer's March 11, 2013, decision.  The Court, therefore, lacks jurisdiction to hear these issues.  *See, e.g.*, *Haranzo v. Dep't of Rehab. Serv.*, No. Civ. A. 7:04-CV- 00326, 2005 WL 3019240, at *4 (W.D. Va. Nov. 10, 2005) ("parties must exhaust the admin-istrative remedies available before they have a right to bring a civil action" pursuant to § 722(c)(J)(I) and 34 C.F.R. § 361.57(I)).

Even if the issue of production of WOTC forms could be considered to have been before the Hearings Officer as part of the question whether "OVRS treated [Defendant] in an unfair or

12 - OPINION AND ORDER

unprofessional manner," that issue is moot.  Absent specific exceptions not applicable here, an issue becomes moot when "changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Center for Bio. Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007).  The Internal Revenue Code requires a person to be "certified by the designated local agency" (OVRS in this case) in order to be eligible for the WOTC program and form.  26 U.S.C. § 51(d)(6).  As noted, however, Plaintiff is no longer a client of OVRS, and, therefore, he is not eligible for WOTC.  Thus, this Court cannot direct OVRS to provide Plaintiff with WOTC forms.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Third Claim.

## V.    Plaintiff's Fourth Claim

In his Fourth Claim Plaintiff seeks an explanation from Defendant regarding unspecified mistakes or decisions made by OVRS and/or DHS.  Plaintiff's Fourth Claim is not sufficiently specific for Defendant to substantively respond to it or for the Court to determine the specific decisions that Plaintiff challenges or for which Plaintiff alleges he is entitled to relief.  Plaintiff's Fourth Claim, therefore, fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Moreover, Plaintiff did not submit any

13 - OPINION AND ORDER

evidence in support of his Fourth Claim.

The Court already provided Plaintiff with the opportunity to amend his Complaint to comply with Rule 8 and advised Plaintiff that he would have to submit evidence in opposition to Defendant's Motion in order to support each of his claims.

The Court, therefore, grants Defendant's Motion for Summary Judgment as to Plaintiff's Fourth Claim.

## VI.  Plaintiff's Fifth Claim

In his Fifth Claim Plaintiff appears to request OVRS to assign one caseworker and/or counselor to oversee Plaintiff at OVRS.  The Court, however, already struck this Claim in its November 6, 2013, Opinion and Order on the ground that Plaintiff's request for a single caseworker or counselor represents a new substantive issue rather than a review of the hearing officer's March 11, 2013, decision, and, therefore, this Court lacks jurisdiction to hear that issue.  Plaintiff has not asserted any rationale for the Court to revise its November 6, 2013, decision.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Fifth Claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#39)

14 - OPINION AND ORDER

for Summary Judgment and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 28th day of May, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER